Nov. Term,
1854.

MARKEL
v.
PHILLIPS.

*Friday,*
*December* 8.

---

MARKEL, on behalf, &c., *v.* PHILLIPS.

A guardian has not a vested right to be governed, in relation to the time of filing inventories, by the statute in force when he was sworn; but he must comply with any changes made by subsequent statutes.

Section 9, p. 324, 2 R. S. 1852, defining the time within which a guardian shall file inventories, and the consequence of a neglect, is applicable to all guardians, whether appointed before or since its publication.

*Friday,*
*December* 8.

APPEAL from the *Allen* Court of Common Pleas.

HOVEY, J.— On the 15th day of *October,* 1853, *Markel* filed his petition in the Court of Common Pleas of *Allen* county, against *Phillips,* representing that *Phillips,* on the

13th day of *August*, 1852, was appointed guardian of the persons and estates of *Frena Depler* and *Louisa Depler*, infants; and that he had ever since had the management and control of their estates, amounting to several thousand dollars; and that he had failed and neglected, as such guardian, to file inventories; and prayed that he might be removed from his trust, &c.

The defendant appeared and answered,

1. That he had not neglected his duties as guardian of said infants.

2. That the Court of Common Pleas, at the *July* term, 1853, ruled and decided that no reports would be required from any guardian until the *January* term, 1854; that he therefore supposed he was not required to make an inventory until that term, nor was he aware of the contrary until served with notice of the application in this case, when he was informed by his counsel that he should have made an inventory within one year from the date of his appointment. He admits that at the time of said advice from his counsel, he had not filed said inventory, but avers that he has since done so, and that his neglect was not intended to work injury to his wards or their estates, nor have their estates in any manner been injured or wasted in consequence of such neglect.

The third paragraph states something about the rent of a certain house, but as no part of it can be regarded as responsive to the petition, we do not deem it necessary to make any further comment upon it.

The petitioner demurred to the answer, because it did not show that an inventory and appraisement had been filed within one year after the appointment of said guardian, nor within three months after the publication of the R. S. 1852.

The Court overruled the demurrer "on the ground that the R. S. 1852 are not applicable to guardians appointed before said statutes were in force, in reference to filing inventories of such guardians."

From the overruling of the demurrer, *Markel* appeals to this Court, under section 347, p. 116, 2 R. S. 1852, which

Nov. Term, provides for bringing questions of law arising by demurrer
1854. upon the pleadings, to this Court, before final judgment.

MARKEL
v.
PHILLIPS.

We think the Court erred in overruling the demurrer.
The facts shown by the answer are no legal excuse for the
guardian's failing to file inventories. He failed to comply
with the R. S. 1843, by filing his inventories within one
year after his appointment, and as the R. S. 1852 took
effect upon the 6th day of *May*, 1853, he also failed to com-
ply with the provisions of that code. His whole defence
is based upon ignorance of the meaning of the language
of the order of the Court of Common Pleas, and ignorance
of the law; and we deem it unnecessary to cite authori-
ties, to show that such ignorance can not constitute a
defence. The law in relation to the time of filing inven-
tories, does not give the guardian a vested right to be
governed by that law under which he was sworn, during
his continuance in office, but it may be changed at the
pleasure of the general assembly, and when such changes
are made, they must be complied with.

The 9th section, p. 324, 2 R. S. 1852, makes it the duty
of the guardian to file inventories within three months
after his appointment, and failing so to do, it provides that
"it shall be the duty of the proper Court to remove him
and appoint a successor."

The rigid rule laid down by this section was, no doubt,
intended to apply to just such cases as this record pre-
sents. Here a guardian, with thousands in his hands,
having taken an oath to perform the duties of his office,
seems to be wholly ignorant of the duties enjoined upon
him by the law under which he was appointed, and ignor-
ant of the changes made in that law, which particularly
require his attention and action. We apprehend that a
rigid enforcement of the 9th section will have a very bene-
ficial effect upon the interests of wards, and we do not
feel disposed to impair its signification by construction.
We are, therefore, of opinion that it should be applied to
all guardians, whether appointed before or subsequent to
its publication, who have not complied with its require-
ments, by filing inventories within three months after

their appointment, or within three months after it took <span style="float:right">Nov. Term, 1854.</span> effect.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*R. Brackenridge,* Jr., for the appellant.

*J. L. Worden* and *C. Case,* for the appellee.

*Per Curiam.*—The judgment is affirmed with costs.